RUTH GOLDSTEIN, PLAINTIFF, v. NORTHWESTERN NA-
TIONAL INSURANCE COMPANY, ETC., DEFENDANT.

Two cases, Nos. 94 and 95, January term, 1926.

Argued January 22d, 1926—Decided May 4, 1926—Filed
July 26, 1926.

Insurance—Fire—Combustible Materials on Property in Viola-
tion of Policy Contract—Court Charged That Its and "Keep"
Meant Something Habitually Kept in Stock or for Sale—
Jury's Verdict for Plaintiff Held to Have Been Contrary to
Weight of Evidence—Defendant's Contention That Court
Erred in Refusing to Charge That Plaintiff's Failure to Pro-
duce Her Husband as a Witness was Because His Testimony
Would Not Have Been Favorable to the Plaintiff is Unsound
—Refusal to Admit in Evidence Proof of Husband's Convic-
tion of Violation of Laws Against Keeping Explosives.

On defendant's rule to show cause.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the defendant, *McCarter & English* (*Conover English*,
of counsel).

For the plaintiff, *Samuel H. Hollander*.

PER CURIAM.

The above cases are two actions at law instituted on two
policies of fire insurance identical in form. The same party
is the plaintiff in each case. The actions were tried together
at the Circuit. The plaintiff obtained a judgment in each
case for the sum of $614.40, with interest. Each defendant
obtained a rule to show cause. The reasons filed by each
of the defendants are identical. The cases were argued to-
gether. They will be disposed of together.

The policies were originally issued to Joseph Goldstein. He assigned them to his wife, the plaintiff, prior to the fire. On October 21st, 1923, the property covered by the policies was damaged by fire. Proofs of loss were delivered to the companies. The companies desired to investigate the fire. A non-waiver agreement was executed. This agreement provided that any action taken by the insurance companies in investigating the cause of the fire, or ascertaining the amount of the damage to the property, should not waive or invalidate any of the conditions of the policy. The defendants claim that the policies had been made void because there had been stored upon the premises inflammable materials prohibited by the policies and in excess of the quantities permitted. The policies contained the following clause: "This policy shall be void if camphene, benzine, naphtha or other chemical oils or burning fluids shall be kept or used by the insured on the premises insured." The permit attached to the policy provided as follows: "Permission is given to keep on hand not exceeding one quart in all per family of gasoline, benzine or naphtha for household use, but the use thereof for cooking, heating or lighting is prohibited without special permission endorsed on this policy."

Mrs. Goldstein instituted the actions in the Supreme Court of this state, with the venue laid in Essex county, where she resided at the time the suits were commenced. The fire took place in the city of Springfield, Massachusetts. After the fire, James Loomis, a fire inspector of the Massachusetts state police, made an examination. Mr. Loomis testified at the trial. He said that the fire occurred about three-thirty P. M. He arrived at the scene of the fire about four-thirty P. M. The firemen were still there. He went up the front stairs and saw the place where the fire had evidently started. It was on the landing at the top of the stairs. He then went through the dining-room and the kitchen to a rear veranda where he saw a ten-gallon wooden keg which contained gasoline. He took a sample of the contents of the keg. He produced in court a jar which contained the sample taken from the keg. He testified that the keg was, apparently, two-

thirds full. The keg had not been burned. On the third floor he found twenty-five gallon tins which had contained alcohol. In one room he found two or three gallon tins. One contained alcohol. In another room he saw two one-gallon glass jugs which contained liquor. He said it smelled like whiskey, and that he was qualified to judge. Mrs. Goldstein at first denied she had ever seen these containers. Subsequently, she admitted that some alcohol had been brought into the house for use in bathing the children when they had colds. Mr. Goldstein was a dealer in drugs and flavoring extracts in which alcohol was used. Mrs. Goldstein said that she had put the containers in the children's play room because there was no other place to put them. She denied that there was any alcohol in the house, and testified that she never saw the barrel which the state inspector found on the back porch. She had no knowledge of any gasoline or whiskey in the house.

The trial court left to the jury the question as to whether the policy had been voided by the presence of alcohol or gasoline upon the premises. The court construed the word "keep" in the policy as something habitually kept in stock or for sale, and said that the policies would not be voided by the mere temporary presence of such articles, but would be voided if they were allowed upon the premises with some degree of permanency. The jury by its verdicts decided this question adversely to the contention of the defendants. We consider that upon this branch of the case the verdicts are contrary to the weight of the evidence.

The next contention of the defendants is that the court erred in not charging the ninth request of the defendants, which read as follows: "The jury have the right to infer from the fact that the husband of the plaintiff is not produced as a witness by her; that his testimony, if he had been produced, would have been favorable to the plaintiff's case." In refusing to charge this request we think the trial judge ruled correctly. The request did not embody the fact that the plaintiff had testified that her husband was traveling and that she had been unable to get in touch with him.

The request, therefore, omitted in its statement of facts relevant testimony which the plaintiff was entitled to have embodied in the request.

The next point which the defendants urge is that the trial judge improperly admitted the testimony of an attorney-at-law of Massachusetts, George A. Bacon, who testified that he knew a Mr. McCoyt, who was an agent of the insurance companies; that McCoyt said that he and Mr. Goldstein had agreed to a settlement, and that McCoyt wanted to know if it was all right to settle with Mrs. Goldstein or with his (Bacon's) office. Mr. Bacon said that this had taken place after the non-waiver agreement had been made and in the presence of Mrs. Goldstein. The defendants contend that, in view of the non-waiver agreement, this testimony was inadmissible. The non-waiver agreement was limited to the investigation of the cause of fire and the amount of damage to the property. As McCoyt's testimony related to neither of these matters, we think it was admissible.

The trial judge refused to admit in evidence proof of the conviction of Joseph Goldstein for violation of the laws of Massachusetts with respect to the keeping and use of explosives or inflammable fluids. We think this ruling correct. Joseph Goldstein was not a party to the present suit. His conviction could not be introduced in actions in which he was not directly interested.

As we have reached the conclusion that the question as to the keeping of gasoline and alcohol upon the premises was decided by the jury contrary to the great weight of the evidence, the rules to show cause will be made absolute.